UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR G. UCLES-REYES,

v.  Case No. 8:04-cr-21-T-24MSS
   8:05-cv-990-T-24MSS

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-26).

### BACKGROUND

On March 1, 2004, Defendant pled guilty to a one count Indictment. (Doc. cr-1; cr-25 at 26).[1] Count one charged that:

> On or about January 8, 2004, at Bradenton, Manatee County, in the Middle District of Florida,
>
> Oscar Geovany Ucles-Reyes,
> a/k/a Erick Ucles-Rosales,
>
> defendant herein, being an alien of the United States who previously had been convicted of the felony offenses of Attempted Sexual Battery, Case Number 96-1549F, on or about July 10, 1997, and Burglary of a Conveyance,

---

[1] Defendant's plea was an open plea. There was no written plea agreement.

> Possession of Burglary Tools, and Grand Theft, Case Number 97-3171F, on or about July 30, 1997, both in the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida, and previously had been arrested and deported from the United States on or about September 27, 2000, and who had not received the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), (4), and 557), to re-apply for admission, was found to be voluntarily in the United States. In violation of Title 8, United States Code, Section 1326(a) & (b)(2).

(Doc. cr-1). Defendant was represented at the plea hearing and subsequently at the sentencing hearing by Assistant Federal Public Defender Dionja L. Dyer.

Prior to the plea, on February 4, 2004, the Government filed a document entitled, "Plea Information." (Doc. cr-14). The Plea Information notified the Defendant of the 1) essential elements of the offense; 2) penalties for the offense, including the fact that the maximum penalty for the offense under Title 8 U.S.C. § 1326(b)(2) was 20 years incarceration; and 3) factual basis of the offense.

On May 26, 2004, the Court sentenced Defendant to 57 months incarceration. (Doc. cr-22; cr-28 at 11) Judgment was entered on May 27, 2004. (Doc. cr-23). Defendant did not directly appeal, but timely filed the present 28 U.S.C. § 2255 motion to vacate, raising four grounds for relief. The Court ordered the Government to respond to ground three of the motion, and, based on that response, the Court set an evidentiary hearing on Defendant's claim that counsel was ineffective for failing to file a direct appeal after Defendant "informed counsel to do so." (Doc. cv-13). The Court appointed Kenneth S. Siegel, Esq. to represent Defendant Ucles-Reyes at the hearing. (Doc. cv-13)

### GROUNDS ONE, TWO, AND FOUR

A review of the record and applicable case law demonstrates that grounds one, two, and four have no merit and can be summarily denied.

Ground One

Defendant alleges that counsel was ineffective for failing to contest the use of prior convictions to enhance his maximum penalty in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Defendant cites Almendarez-Torres v. United States, 523 U.S. 224 (1998) and alleges that Almendarez-Torres does not apply in his case. He further claims that his plea was unknowing and involuntary because of counsel's actions.

In his memorandum of law in support of ground one, Defendant claims that counsel was ineffective for failing to argue that Defendant had a Sixth Amendment right to a jury trial "of the recidivism exception" in Almendarez-Torres. The "recidivism exception" about which Defendant complains is Title 8 § 1326(b)(2), which authorizes a sentence of up to 20 years for any alien who illegally returns to the United States after having previously been deported following conviction for an aggravated felony.  Almendarez-Torres found that the "recidivism exception" is a penalty provision "which simply authorizes a court to increase the sentence for a recidivist."  Almendarez- Torres has not been overruled and applies to Defendant Ucles-Reyes.

At sentencing, counsel did present Defendant's "points for the record."  First, counsel stated that Defendant disagreed with the 16-point adjustment for his prior convictions because Defendant Ucles-Reyes "felt it was double-jeopardy." (Doc. cr-28 at 7).  Second, counsel stated that Defendant did not deny that he had the convictions, but that he was appealing the denial of a Rule 3.850 motion in one of his state cases and should not be sentenced under the recidivist exception while the state case was on appeal.  (Doc. cr-28 at 7-8)   In the present 2255 motion, Defendant seeks to have a jury reach a verdict on each of his prior state convictions which were used to enhance his sentence.

Apprendi v. New Jersey, 530 U.S. 466 (2000) does not apply in this case and Defendant does not have a constitutional right to have a jury reach a verdict on each of his prior state convictions. Apprendi stands for the proposition that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt. In the present case, the statutory maximum was 20 years. Defendant was sentenced to 57 months. Because Defendant was sentenced below the statutory maximum, counsel could not rely on Apprendi to raise any issues at sentencing.

Defendant has not alleged facts to prevail on either prong of the Strickland test, nor has Defendant shown that his plea was involuntary and unknowingly entered. Ground one does not warrant relief.

## Ground Two

Defendant alleges that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to argue that in light of Apprendi, Defendant had a Sixth Amendment right to have the jury determine whether Defendant's prior convictions were valid aggravated felonies as defined in section 1326(b). This claim also has no merit.

Title 8 U.S.C. § 1326(a) makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. In 1988, Congress added subsection (b)(2), which authorizes a maximum prison term of 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony."

Defendant Ucles-Reyes pled guilty to violating § 1326, admitting that he had been deported, that he had unlawfully returned, and that the earlier deportation had taken place pursuant to three convictions for aggravated felonies. The Indictment described these felonies. The Court sentenced him under the applicable Sentencing Guideline range to 57 months imprisonment. Subsection (b)(2) is a penalty provision which simply permits the imposition of a higher sentence when the unlawfully returning alien also has a record of prior convictions.

Defendant Ucles-Reyes has not shown that his prior convictions were not "established through procedures satisfying fair notice, reasonable doubt, and jury trial guarantees." Although he alludes to an Exhibit B, which is allegedly a copy of the judgment in his attempted sexual battery conviction, he did not provide any exhibits or any evidence in support of his claim that the facts of his prior conviction for attempted sexual battery "would lead [sic] doubt to qualifying as an aggravated felony."

Furthermore, Defendant Ucles-Reyes admitted to the prior convictions at the plea hearing and agreed that the facts were sufficient to satisfy the legal elements of his charge. (Doc. cr-25 at 24-25).

Defendant Ucles-Reyes has not shown cause and prejudice under Strickland to prevail on this claim and ground two does not warrant relief.

### Ground Four

Defendant claims counsel was ineffective for failing to argue that in light of Apprendi the sentencing guidelines were unconstitutional under the Sixth Amendment and should have been held to be only advisory instead of mandatory.

Defendant's claim fails because he cannot show prejudice under Strickland. He cannot show that his sentence would have been different had counsel made the argument that the sentencing guidelines were advisory. Furthermore, the Eleventh Circuit has held many times that "reasonably effective representation cannot and does not include a requirement to make arguments based on prediction of how the law may develop." Marquard v. Sec. Dep't of Corr., 2005 WL 3005497 (11th Cir., Nov. 10, 2005) at *31 (quoting Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)). Defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law. Marquand at *32 (citing Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986)).

Ground four has no merit and does not warrant relief.

### Ground Three

Defendant claims that counsel was ineffective for failing to file a direct appeal after Defendant asked her to do so. An evidentiary hearing on Defendant's claim was held before the undersigned United States District Judge on November 17, 2005. Defendant Ucles-Reyes, Nora Almaraz, the Defendant's sister-in-law, and Assistant Federal Public Defender Dionja Dyer (Dyer), who represented the Defendant during the criminal proceedings, testified at the hearing. At the hearing, the Government offered into evidence four letters. The first letter was a letter from Dyer to Defendant dated June 3, 2004 (attached). The other three letters were letters written by the Defendant to Dyer after his sentencing (Letters dated June 26, 2004, October 27, 2004 and January 14, 2005 attached).

The Defendant testified that he discussed appealing his sentence with Dyer before sentencing when Dyer visited him at the Pasco County Jail to discuss the Presentence Investigation Report (PSR).  Defendant did not agree with the length of the sentence in the PSR in that it was longer than Dyer had first told him it would be.  Defendant also testified that on the day of sentencing he told Dyer he wanted to appeal, and Dyer told him she didn't see anything to appeal. After sentencing, the Defendant stated that he called Dyer several times but was unable to get through.  On the third or fourth day he did get through and spoke with Dyer's secretary but did not mention an appeal.

Nora Almarez (Almarez), Defendant's sister-in-law testified that the Defendant called her from jail after his sentencing and asked her to call Dyer to ask her for an appeal to see if they could give him less time. Almarez called Dyer and spoke to her but testified the subject of an appeal never came up.  Almarez also claims to have called back and told Dyer's secretary that she needed to speak to Dyer about an appeal, but Dyer never called her.

Dyer testified that prior to sentencing, when she received the PSR,  she visited Defendant at the Pasco County Jail and reviewed the report with him. The PSR scored the Defendant with higher criminal history points and thus a higher guideline range than she had originally predicted, and he was upset.  Dyer testified that subsequent to this visit but before sentencing she received a letter from Defendant asking her to object at sentencing on the basis of double jeopardy in that he did not think his prior convictions should be used against him.  On the morning of sentencing Dyer testified that she discussed these objections with the Defendant and explained that she did not think he would prevail because they had no legal merit but would bring them to the Court's attention, which she

did. Dyer testified that she received a call from Almarez after sentencing inquiring about what jail facility the Defendant was being housed at and in turn had her secretary locate him and call Almarez and inform her of the facility. Dyer stated that she received no messages from any member of her office that either the Defendant or Almarez had called and wished to be called back. Dyer testified that neither the Defendant nor Almarez ever asked her to file an appeal on Defendant's behalf.

Shortly after sentencing, Dyer sent the Defendant a letter and enclosed a copy of his Judgment. (Letter dated June 3, 2004, attached) The letter explained that her services to the Defendant had ended and she was closing the file in his case. The letter stated "You have indicated that you do not wish to appeal your sentence and I agree with that decision." The letter instructed the Defendant to contact her if he had any questions. Dyer testified she did not receive any communication from Defendant in response to that letter.

Dyer testified that she did receive three letters from Defendant Ucles-Reyes inquiring about the application of United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) to his case, (See Letters dated June 26, 2004, October 27, 2004, and January 14, 2005, attached). Dyer testified that she told Defendant Ucles-Reyes that Blakely did not apply to his case. Dyer testified that she replied to each of the letters she received from Defendant and told him that one course of action he had was to file a 28 U.S.C. § 2255 motion to vacate his sentence. None of the letters mention an appeal , either requesting Dyer file an appeal or inquiring about the status of an appeal.

Applicable Law

Strickland v. Washington, 466 U.S. 668 (1984) provides the proper framework for evaluating a claim that counsel was constitutionally ineffective for failing to file a Notice of Appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Under Strickland, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," 466 U.S. at 688; and (2) that counsel's deficient performance prejudiced the defendant. 466 U.S. at 694. Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," 466 U.S. at 690, and "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 689.

Flores-Ortega explained the analysis of such claims under the Strickland test. When a Defendant alleges that his counsel was ineffective for failing to file an appeal, the Court should examine the performance prong of the Strickland test by resolving the question of whether counsel consulted with Defendant about an appeal. Flores-Ortega, 528 U.S. at 478. If counsel consulted with the Defendant, counsel performed in a professionally unreasonable manner only if counsel failed to follow Defendant's express instructions with respect to an appeal. Flores-Ortega, 528 U.S. at 478 (emphasis added).

If counsel did not consult with Defendant [about an appeal], the Court must resolve the question of whether counsel had an obligation to consult with Defendant about an appeal. Flores-Ortega, 528 U.S. at 478. Counsel has a constitutionally-imposed duty to consult with the Defendant about an appeal when there is reason to think either 1) that a rational Defendant would want to appeal, or (2) that the particular Defendant at issue reasonably demonstrated to counsel that he or she wanted to appeal. Flores-Ortega, 528 U.S. at 479-80. In making this determination, courts must take into account all of the

information counsel knew or should have known at the time. Flores-Ortega, 528 U.S. at 480. Relevant factors include whether the conviction resulted from a trial or a plea and whether the Defendant expressly waived his or her appellate rights. Id.

The prejudice prong of the Strickland test for ineffectiveness of counsel in this context requires the Defendant to demonstrate that, but for his counsel's omission, there is a reasonable probability that Defendant would have timely appealed. Flores-Ortega, 528 U.S. at 481-84.

## Conclusions

Defendant cannot show that counsel's performance was deficient. Based on all of the information Dyer knew or should have known, Dyer was not ineffective for failing to file a Notice of Appeal because Defendant did not ask Dyer to file an appeal and did not reasonably demonstrate to her that he wanted her to file a Notice of Appeal. Clearly the testimony is in conflict; however the Court credits Dyer's testimony as the more believable testimony. First it is more reasonable that in discussions prior to sentencing, Defendant and Dyer would have discussed objections to the PSR rather than an appeal. After sentencing, Dyer's belief that Defendant did not wish to file an appeal is corroborated by the letters. Defendant never responded to Dyer's June 3, 2004 letter stating that the Defendant had indicated he did not wish to appeal and she was closing her file on his case. If the Defendant had objected to her closing her file and not filing an appeal, it is reasonable to believe he would have attempted to contact her and state his objection. It is also clear that Defendant knew how to contact Dyer because he wrote her three letters (letters dated June 26, 2004, October 27, 2004 and January 14, 2005, attached) inquiring about changes in the law without mentioning an appeal..

Defendant also cannot meet the prejudice prong of <u>Strickland</u> because there were no nonfrivolous appealable issues. Defendant has not alleged any issue on which he could have successfully appealed.

Defendant has not met his burden to show that counsel was ineffective under either prong of the <u>Strickland</u> standard.

Ground three does not warrant relief.

Accordingly, the Court orders:

That Ucles-Reyes' 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-26) is denied, with prejudice. The Clerk is directed to enter judgment against Ucles-Reyes in the civil case, 8:05-cv-990-T-24MSS, and close that case.

ORDERED at Tampa, Florida, on the 12th day of December, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Peter J. Sholl
AUSA: Donald Hansen
Kenneth S. Seigel, Esq.
Oscar Geovany Ucles-Reyes, Pro-se